## FRANK S. MIRANDA

*vs.*

## ST. JOHN THE BAPTIST ROMAN CATHOLIC CHURCH CORP. OF HIGHWOOD

Superior Court      New Haven County      File No. 64470

MEMORANDUM FILED MARCH 13, 1944.

*Francis J. Moran,* of New Haven, for the Plaintiff.

*Watrous, Gumbart & Corbin,* of New Haven, for the Defendant.

WYNNE, J. The chair upon which the plaintiff was sitting collapsed. He claims that this was due to some negligence on the part of the defendant. The latter argues that there is no basis in the evidence for such a conclusion.

There is evidence that the chairs in use for social gatherings were eight or ten years old. The exhibit in court shows that the chairs were not of sturdy permanent construction but rather of a fragile type characteristic of camp chairs, so called, designed for occasional use. Frequently a chair had to be discarded. This was admitted and bears strongly upon the measure of defendant's duty of inspection. It appears that inspection was at best random and haphazard. It appears that the chair in question had an old crack and that the hole in which there was a supporting bolt had become worn and enlarged. It is reasonable to conclude that it was this condition in a fragile wooden chair, dry and brittle from age, and stored as this one was, that created the hazard to which plaintiff was subjected. It is reasonable to hold that this condition would have been apparent on inspection and that the defendant was under a duty to make such inspection. The chairs were put in place by volunteers, sometimes by boys. At best there was nothing in the way of instruction regarding inspection, except a casual custom to discard a chair that appeared insecure as it was put in place. There was no provision for obsolescence. There should have been with this type of furniture.

The plaintiff was not called upon to do anything other than what he did. He had a right to assume that a chair provided for the occasion was not defective.

The injury to the plaintiff proved to be serious and stubborn. It would appear that the conclusions of Dr. Hines are realistic and plausible. The condition has improved and will continue to improve. The medical expense already incurred and reasonably probable in the future is substantially $300. There has been considerable pain and discomfort but no interference with employment. This element is a difficult one to assess but it would appear on the authority of Dr. Hines that the plaintiff's reaction and attitude supply the fortitude to bear with some complacency pain which, although initially severe, has been ever-decreasing to the point where now it is perhaps a bit of misery in the joints. For this element of suffering over a period of 18 months and on the basis of Dr. Hines' hopeful prognostication and confidence in the treatment which he favors, the court feels that $900 represents as near an estimate for compensation as is possible.

Judgment may enter for the plaintiff to recover damages of $1,200.